**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2456
_____

UNITED STATES OF AMERICA

v.

TONY GRANADO,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-09-cr-00471-006)
District Judge:  Honorable Paul S. Diamond

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
On December 1, 2022

Before: AMBRO, KRAUSE, and PORTER, <u>Circuit Judges</u>

(Opinion filed December 28, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Tony Granado, a federal prisoner housed at the Federal Correction Institution at La Tuna ("FCI-La Tuna"), appeals from an order of the District Court denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's order.

In 2012, Granado was convicted of three cocaine trafficking offenses. The District Court imposed a sentence of 360 months' imprisonment. In January 2022, Granado filed a motion for compassionate release, arguing that his age and various health conditions made him susceptible to complications if he were to contract COVID-19 for a second time. Upon contracting COVID-19 in October 2020, Granado was hospitalized for treatment of acute viral pneumonia and respiratory failure. Granado is currently 78 years old and has, among other medical conditions, hypertension, hyperlipidemia, and cardiac arrhythmia. He is also obese. The District Court denied Granado's motion, reasoning that his vaccinations against COVID-19 protect him against severe illness and that his medical conditions were well-controlled. Granado appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's decision to deny a motion for compassionate release for abuse of discretion. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). Thus, "we will not disturb the court's determination unless we are left with a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." Id. (quotation marks,

2

alteration, and citation omitted). We may take summary action if the appeal presents no substantial question. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[1] Although Granado's age and some of his medical conditions place him at a higher risk of serious illness from COVID-19, the District Court did not commit a clear error of judgment in concluding, based on his receipt of the COVID-19 vaccine, that he did not establish an extraordinary and compelling reason justifying release in this case. See United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). The District Court also correctly noted that Granado's medical conditions are being managed with medication.

We recognize that Granado required hospitalization when he contracted COVID-19 in 2020 and that his concerns regarding reinfection are not unfounded. However, his hospitalization occurred before he was vaccinated, and the CDC has found the vaccine effective at providing protection from severe illness. Moreover, the District Court did not err in relying on records showing that FCI-La Tuna had zero active inmate COVID-19 cases at the time it decided Granado's motion. Granado argues that there was an

---

[1] A district court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) before granting relief. See id. Because the District Court found no extraordinary or compelling reasons warranting relief, it did not address these factors.

outbreak of cases shortly after the District Court issued its decision, but the District Court did not abuse its discretion in relying on the circumstances at the time of its decision.  See generally United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").[2]

Further, while Granado contends that the District Court failed to consider his rehabilitative efforts, rehabilitation alone cannot constitute extraordinary and compelling grounds under § 3582, see 28 U.S.C. § 994(t), and he has not shown that those efforts combined with his health concerns warrant relief.  To the extent that Granado contends that nonretroactive changes to the sentencing landscape warrant immediate release, that contention lacks merit.  See Andrews, 12 F.4th at 261 (reasoning that "the imposition of a sentence that was not only permissible but statutorily required at the time is neither an extraordinary nor a compelling reason to now reduce that same sentence") (citation omitted). [3]

---

[2] Granado cites cases where courts granted relief to prisoners with medical conditions similar to his.  However, these decisions are not controlling as they are fact specific as to the prisoner's health, the place of confinement, and the stage of the pandemic.

[3] To the extent that Granado's mention of home confinement could be construed as a freestanding request for that relief, we note that Congress has conferred the exclusive authority to authorize home-confinement on the BOP.  See 18 U.S.C. § 3624(c)(2); see also CARES Act, Pub. L. 116-136, Mar. 27, 2020, 134 Stat. 281, Div. B, Title II, § 12003(b)(2) ("[T]he Director of the [BOP] may lengthen the maximum amount of time for which *the Director* is authorized to place a prisoner in home confinement under [§ 3624(c)(2)].") (emphasis added).

Because we discern no abuse of discretion in the District Court's decision, we grant the

Government's motion for summary action and will summarily affirm the District Court's

judgment.  <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.